PLANNING BOARD OF NORWELL *vs.* E. ANTHONY SERENA
& another,[1] individually and as trustees,[2] & another.[3]

No. 88-P-440.

Suffolk.    January 10, 1989. — August 16, 1989.

Present: GREANEY, C.J., ARMSTRONG, & KASS, JJ.

Further appellate review granted, 405 Mass. 1205 (1989).

*Zoning,* Lot, Exemption.

Two lots were held in common ownership for purposes of a restrictive
amendment to a town's zoning by-law, notwithstanding a change in
record ownership with the intention of securing the "grandfather" protec-
tion of G. L. c. 40A, § 6, fourth par., where a judge could properly
conclude that all of the land in each of the lots was still available to
avoid or reduce the dimensional nonconformity of either lot viewed in
isolation. [690-691]

CIVIL ACTION commenced in the Land Court Department
on February 18, 1987.

The case was heard by *Robert V. Cauchon,* J.

*Chester A. Janiak* for E. Anthony Serena & another.

ARMSTRONG, J.  The Serenas, anticipating Norwell's adop-
tion four days later of a zoning by-law amendment that would
prevent use of their vacant land on Parker Street as two separate
building lots fronting thereon, effected a transfer or transfers
of title with the intention of securing the grandfather protection
of G. L. c. 40A, § 6, fourth par., first sentence (1988 ed.)
(making increases in dimensional requirements inapplicable to
previously conforming lots held for single or two family resi-
dential use where such lots are "not held in common ownership
with any adjoining land"). See *Adamowicz* v. *Ipswich,* 395
Mass. 757, 763-764 (1985). One of the two resulting lots was

[1] Barbara Serena.

[2] Of the Parker Street Realty Trust.

[3] The board of appeals of Norwell.

put in the names of the Serenas as tenants by the entirety. The other was put in their names as trustees of Parker Street Realty Trust, of which they were the sole beneficiaries.

Not argued in this appeal is a question concerning the interpretation of the by-law before its amendment. The planning board took the position that the proposed division of the Serenas' land into two lots fronting on Parker Street did not comply with the dimensional requirements of the by-law before its amendment. The judge upheld the contrary position of the board of appeals[4] (we do not reach this question) but sustained the denial of two building permits on the ground that the two lots were held "in common ownership" for purposes of the zoning by-law despite the change in record ownership.

On that point the judge's ruling was, in our view, correct. The purpose of the statutory grandfather provision is, to be sure, to "protect[ ] a once valid lot from being rendered unbuildable for residential purposes," *Sturges* v. *Chilmark*, 380 Mass. 246, 261 (1980), but only if there is compliance with statutory conditions. The condition that the nonconforming lot "not [be] held in common ownership with any adjoining land" represents a statutory codification of a principle of long-standing application in the zoning context: a landowner will not be permitted to create a dimensional nonconformity if he could have used his adjoining land to avoid or diminish the nonconformity. See *Vetter* v. *Zoning Bd. of Appeal of Atteleboro*, 330 Mass. 628, 630 (1953); *Sorenti* v. *Board of Appeals of Wellesley*, 345 Mass. 348, 353 (1963); *Alley* v. *Building Inspector of Danvers*, 354 Mass. 6, 7-8 (1968); *Raia* v. *Board of Appeals of North Reading*, 4 Mass. App. Ct. 318, 322 (1976); *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802, 803-804 (1981); *Gordon* v. *Zoning Bd. of Appeals of Lee*, 22 Mass. App. Ct. 343, 349-350 (1986); *Shafer* v. *Zoning Bd. of Appeals of Scituate*, 24 Mass. App. Ct. 966, 967 (1987); *DiCicco* v. *Berwick*, *ante* 312, 313-314 (1989); *Karet* v. *Zoning Bd. of Appeals of Worcester*, *ante* 439, 440 (1989).

---

[4] The planning board, the plaintiff below, did not enter a cross-appeal or file a brief.

In *Sorenti* v. *Board of Appeals of Wellesley*, *supra*, on which the judge relied, the court held that a landowner could not take advantage of a grandfather clause similar to that of G. L. c. 40A, § 6, fourth par., first sentence, by putting part of his property in the name of a straw the day before the town voted a dimensional (frontage) amendment to the zoning by-law. "The nonconforming exemption was [held] not to apply . . . when the lot owner had adjoining land available for use in satisfying the [new] minimum frontage requirement. The rationale of such a provision is that an owner who has or has had adjacent land has it within his power, by adding such land to the substandard lot, to comply with the frontage requirement, or, at least, to make the frontage less substandard . . . . [T]he owner cannot avail himself of the nonconforming exemption unless he includes his adjacent land in order to minimize the nonconformity." 345 Mass. at 353. The trial judge's finding in *Sorenti* that the owner had adjoining land available to reduce the nonconformity was sustained despite the fact that the adjoining land stood in the name of the straw. The crux, thus, was not the form of ownership, but control: did the landowner have it "within his power", i.e., within his legal control, to use the adjoining land so as to avoid or reduce the nonconformity?

We think the judge did not err in this case by finding, in effect, that all the land in each of the Serenas' two lots was available to avoid or reduce the dimensional nonconformity of either lot viewed in isolation. Compare *Cunningham* v. *Bright*, 228 Mass. 385, 387-388 (1917).

The Serenas are not helped by *Sturges* v. *Chilmark*, *supra*; it dealt with a different question, whether lots admittedly in common ownership were "adjoining" lots for purposes of § 6 where they touched only at a single point. Nor is *Baldiga* v. *Board of Appeals of Uxbridge*, 395 Mass. 829, 830-834 (1985), of assistance to the Serenas; it dealt with the *second* sentence of the fourth par. of § 6, added by St. 1979, c. 106, which in certain circumstances offers grandfather protection for five years to limited numbers of adjoining residential lots that *are* in common ownership. No contention has been made here (or

below) that the Serenas' lots qualify for the grandfather protection of the second sentence.

*Judgment affirmed.*