PLANNING BOARD OF NORWELL *vs.* E. ANTHONY SERENA & another,[1] individually and as trustees,[2] & another.[3] March 12, 1990. *Zoning*, Lot, Exemption.

We granted the defendants' application for further appellate review, 27 Mass. App. Ct. 689 (1989), to consider their claim that two adjoining lots on Parker Street in Norwell, were "not held in common ownership," see G. L. c. 40A, § 6, fourth par., first sentence,[4] and that as a result they

---

[1]Barbara Serena.

[2]Of Parker Street Realty Trust.

[3]The board of appeals of Norwell. The board of appeals is not a party to this appeal.

[4]General Laws c. 40A, § 6, fourth par., first sentence (1988 ed.), reads as follows: "Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording or endorsement, whichever occurs sooner was not held in common ownership with any adjoining land, conformed to then existing requirements and had less

are entitled to two building permits even though the lots do not conform to the current zoning by-law.

In October, 1986, the Serenas applied for permission to build a single family residence on each of two proposed adjoining lots to be created from the division of their vacant land. The building inspector denied the permits. In anticipation of an amendment of Norwell's zoning by-law, the Serenas transferred title on December 4, 1986, to one lot to themselves as tenants by the entirety and to the adjoining lot to themselves as trustees of the Parker Street Realty Trust. The Serenas were the sole beneficiaries of the trust. The by-law was amended on December 8, 1986. In January, 1987, the board of appeals of Norwell reversed the denial of the two permits based on the by-law prior to the amendment. The planning board of Norwell appealed to the Land Court. A judge in the Land Court, relying on *Sorenti* v. *Board of Appeals of Wellesley*, 345 Mass. 348 (1963), agreed with the board of appeals' ruling under the prior by-law but concluded that the Serenas were entitled only to one building permit for the combined lots because the Serenas could use the two lots "as one if they so chose."[5] We affirm.

One of the defendants testified that the transfers were made in anticipation of the zoning by-law amendment. The judge determined that "all the land in each of the Serenas' two lots was available to avoid or reduce the dimensional nonconformity of either lot viewed in isolation." *Id.* at 691. In its opinion, the Appeals Court noted that "[t]he condition that the nonconforming lot 'not [be] held in common ownership with any adjoining land' represents a statutory codification of a principle of longstanding application in the zoning context: a landowner will not be permitted to create a dimensional nonconformity if he could have used his adjoining land to avoid or diminish the nonconformity." *Id.* at 690, and cases cited. The Serenas' attempt to avoid this principle fails.

*Judgment of the Land Court affirmed.*

The case was submitted on briefs.

*George M. Ford & Chester A. Janiak* for the defendants.

*Robert L. Marzelli*, for Massachusetts City Solicitors & Town Counsel Association, amicus curiae.

*Fred L. True, Jr.*, for Massachusetts Federation of Planning & Appeals Boards, amicus curiae.

---

than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage."

[5]The planning board did not take a cross appeal from the ruling by the Land Court judge that its interpretation was incorrect.