## RICHARD H. ADAMS vs. ALICE PETERSON.

No. 92-P-660.

Worcester. May 12, 1993. - January 14, 1994.

Present: BROWN, KASS, & LAURENCE

*Real Property*, Ownership, Boundary. *Will*, Extrinsic evidence, Construction. *Practice, Civil*, Findings by judge. *Zoning*, Lot.

A plaintiff who established no legal interest in a certain parcel of land could not maintain an action to clear or establish title to the parcel. [784]

In an action seeking to clear or establish title to certain land, there was no merit to the plaintiff's contention that a latent ambiguity existed in a provision of a testatrix's will devising abutting parcels to the plaintiff and the defendant. [784-785]

A judge was not plainly wrong in determining that a party in a civil action was entitled to injunctive relief from an encroachment on her land. [785-786]

In a civil action no error resulted from the judge's adopting, in part, the defendant's request for findings of fact. [786]

In an action seeking to clear or establish title to certain land, there was no merit to the plaintiff's contention that the judge should construe a provision of a testatrix's will, devising abutting parcels to the plaintiff and the defendant, so as to effect a subdivision of the testatrix's land in conformity to the local zoning by-law, where the plaintiff's nonconforming lot was created and built upon before the by-law was adopted. [786-787]

CIVIL ACTION commenced in the Superior Court Department on August 22, 1990.

The case was heard by *William C. O'Neil, Jr.*, J.

*Russell F. Bath, Jr.*, for the plaintiff.

*Charles B. Swartwood, III*, for the defendant.

BROWN, J. There seems to be no shortage of attorneys who are prepared to litigate; however, attorneys who have the ability or inclination to engage in risk assessment and coun-

sel their clients accordingly do seem to be in short supply.[1] The instant case is brilliantly illustrative of how unwanted (and apparently not considered) consequences may arise from an ill-advised lawsuit. Careful and sagacious counseling should act as a prophylatic so that an overreaching and obdurate plaintiff, as here, does not run the risk, see note 3, *infra*, of being "hoist[ed] with his own petard." William Shakespeare, Hamlet act 3, sc. 4.

This action concerns the boundary dividing the plaintiff's property at 158 South Quinsigamond Avenue in Shrewsbury from that located at 5 Water Street, a parcel owned by his sister, the defendant here. The parties acquired title to their respective parcels of land by way of a devise from their mother. The plaintiff sought to clear or establish title to these "two specific parcels of property located adjacent to each other, [both of] which had been in the family for generations." See G. L. c. 240, § 6. The defendant's response included, among other things, a request for "injunctive relief requiring the removal of [an] encroachment" on her parcel. After hearing, the judge made findings; judgment then entered dismissing the plaintiff's complaint and granting the injunctive relief requested by the defendant.

On appeal the plaintiff alleges that the Superior Court judge erred in (1) failing to recognize the latent ambiguity in the mother's will and to analyze properly her probable intention; (2) determining that the portion of the plaintiff's building[2] situated at 158 South Quinsigamond Avenue encroached upon the defendant's property; (3) adopting and incorporating the defendant's request for findings of fact; and (4) refusing to construe the will in conformity with the local zoning by-law. We treat each claim of error in turn, adding only as much commentary as is minimally necessary.

[1] See, e.g., *Long* v. *Martha's Vineyard Land Bank Commn.*, *ante* 546, 550 (1993) (Brown, J., concurring). See generally, Simon, Ethical Discretion in Lawyering, 101 Harv. L. Rev. 1083 (1988), wherein the commentator canvasses the ethical dimensions of an attorney's decision to accept or refuse to represent a prospective client.

[2] This is a residential building that the plaintiff had leased to third parties.

1. In order to remove a cloud on the title, the plaintiff must have some claim of rightful legal ownership of both properties. The judge expressly found to the contrary. This court may not set aside findings of fact unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). There is no evidentiary support in the record for a claim that the plaintiff possessed any legal interest in the Water Street property that was devised to the defendant in their mother's will. Nor has anything else been made to appear that would cause us to upset that finding.

2. The plaintiff also argues that there existed a latent ambiguity in the will of the testatrix. This claim is without merit. "A latent ambiguity occurs in a will when the words of the written instrument are clear and certain on their face, but some extrinsic fact makes their meaning ambiguous and uncertain. . . . Generally, there are two types of latent ambiguity. The first type occurs when a will clearly describes a person or thing, and two or more persons or things exactly fit that description. The second type of latent ambiguity exists when no person or thing exactly fits the description, but two or more persons or things partially fit." *Phipps* v. *Barbera*, 23 Mass. App. Ct. 1, 3 n.3 (1986). See Smith, The Admissibility of Extrinsic Evidence in Will Interpretation Cases, 64 Mass.L.Rev. 123, 124 (1979).

"It is axiomatic that 'the fundamental rule for the construction of wills is to ascertain the intention of the testator from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to [her] at the time of its execution and to give effect to that intent unless some positive rule of law forbids.' " *Lockwood* v. *Adamson*, 409 Mass. 325, 328 (1991), quoting from *Fitts* v. *Powell*, 307 Mass. 449, 454 (1940). No such positive rule of law has any application to the instant circumstances.

The pertinent portions of the testatrix's will provided: "I give and devise my real estate known as 5 Water Street in Shrewsbury . . . to my daughter Alice Peterson . . . [and] I give and devise my real estate known as 158 South Quinsigamond Avenue in Shrewsbury . . . to my son Richard H.

Adams." At the time of the testatrix's death, "the land devised by her to Richard and Alice consisted of a parcel of land situated on the southerly side of Water Street, and the westerly side of South Quinsigamond Avenue, which contained two dwelling houses. At the northerly end of the parcel was located a large house . . . number 5 Water Street. Located on the southerly end of the parcel is a smaller dwelling and a barn used as a garage . . . numbered 158 South Quinsigamond Avenue." Where a will is unambiguous, extrinsic evidence to aid in interpretation of its provisions is inadmissible even though language involved has a legal meaning which is not likely to have been understood by the testator or which does not correspond to an oral statement of his intention. *Gustafson* v. *Svenson*, 373 Mass. 273 (1977). In this case, there was no question as to what property the testatrix was referring to when she devised the property to the plaintiff and the defendant, respectively. Each property had been in existence quite a while and each had its own separate chain of title; over the years the dimensions of each property were set out in the deeds, plans, and records associated with each parcel. Absent any ambiguity in the devise by the testatrix as to what constituted the subject properties, we have no reason to engage in an analysis of her intent.

3. The plaintiff next claims that the trial judge erred in concluding that a portion of the plaintiff's property intruded upon the property of the defendant, thereby entitling the defendant to injunctive relief from the encroachment. The judge was not plainly wrong in determining from the evidence that the defendant was entitled to injunctive relief from the encroachment upon her property by the plaintiff's house.[3] That conclusion was supported by the boundaries de-

---

[3]This, of course, is the dire consequence which has now befallen the plaintiff. The judgment requires the plaintiff to "remove that portion of a one-story ell and porch which encroaches onto property owned by the defendant." It can only be hoped that the defendant is gracious and that her pity is inversely proportional to the plaintiff's improvident and ungrateful attitude.

scribed in various deeds pertaining to 5 Water Street.[4]

4. The plaintiff also argues that the judge erred in adopting and incorporating some of the defendant's request for findings of fact. Although some of the findings of fact adopted and incorporated by the judge from the defendant's request for findings of fact were erroneous in part, they are not material to our analysis.

5. Finally, the plaintiff argues that in accordance with the provisions of G. L. c. 40A, § 6, the devises in the will should be construed so as to effect a lawful subdivision of the testatrix's land in conformity with the local zoning by-law. Passing for the moment whether this argument complies with Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), we doubt the premise. Case law, the relevant statute, and public policy all suggest otherwise.

Aside from the fact that the plaintiff's argument calls for retroactive application of the statute,[5] it also ignores the purpose of § 6, which governs exemptions for existing structures, lots and uses in the context of new or changed zoning provisions. For this argument to prevail the plaintiff must establish that his house does not constitute an existing structure within the meaning of § 6, so that the zoning statute would be applicable.

The defendant points out the essential distinction between a single landowner who owns two adjoining plots, but will not combine conforming and nonconforming plots in order to come within the relevant zoning by-law, and two *individual* landowners who own separate but adjoining lots, who are under no obligation to combine land in order to comply with the zoning by-law. See *Planning Bd. of Norwell* v. *Serena*, 27 Mass. App. Ct. 689, 690-691 (1989), *S.C.*, 406 Mass. 1008 (1990), for a discussion of lots in common ownership.

---

[4]We have no occasion to discuss whether the plaintiff may have had an easement by implication, as that theory was not considered by the judge below, nor argued by the parties on appeal.

[5]See *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Authy.*, 414 Mass. 323, 328 (1993) ("statute dealing with substantive rights operates prospectively when there is no clear legislative intent that it be retroactive").

As the plaintiff's nonconforming lot was created and the structures on it were built prior to the adoption of the town zoning by-law, they are lawfully nonconforming.[6] See *Mendes* v. *Board of Appeals of Barnstable*, 28 Mass. App. Ct. 527, 529-530 (1990).

A final comment is warranted. This case presents "another painful example of how 'courts are too frequently called upon to expend the[ ] limited resources [available] to assist the needy by the machinations of the greedy.'" *Long* v. *Martha's Vineyard Land Bank Commn.*, *ante* 546, 550 (1993) (Brown, J., concurring), quoting from *Piccicuto* v. *Dwyer*, 32 Mass. App. Ct. 137, 140 (1992).

> *Judgment affirmed, with double costs of appeal.*

---

[6]In light of the trial judge's findings relative to the plaintiff's ownership of abutting parcels, it may well be that he is under a duty to use his *own* adjoining land to diminish the nonconformity. Under the *Planning Bd. of Norwell* case, "a landowner will not be permitted to create a dimensional nonconformity if he could have used his adjoining land to avoid or diminish the nonconformity." 27 Mass. App. Ct. at 690, and cases cited.