JOHN T. BURKE & others[1] *vs.* ZONING BOARD OF APPEALS OF HARWICH & others.[2] No. 94-P-20. May 19, 1995. *Zoning*, Lot size, By-law.

Of the four separate but contiguous lots that comprise the land Joseph R. Toppi and Mary H. Toppi own on a ten-foot wide and partially six-foot wide extension of Ginger Plum Lane in West Harwich, none contained as much as 5,000 square feet. See sketch plan annexed to this opinion, on which the Toppi lots are numbered 31, 32, 33, and 34. There are a single-family dwelling and an accessory building on lot 32. Separately, none of

---

[1] Bernice M. Burke, Francis D. Gibbons, Louise A. Gibbons, Irene Radlo, and Marion Reiss. (Because of an earlier, now superseded, zoning board decision against their interests, the abutters are the plaintiffs in this case.)

[2] Mary H. Toppi and Joseph R. Toppi.

the lots met the minimum lot size criterion (5,000 square feet) for "grand-father" status under G. L. c. 40A, § 6, fourth par., and § IV(B) (a) of the Harwich zoning by-law.[3] The lots were laid out in 1929, and the Toppis acquired them by a single deed in 1975. At that time, the Harwich by-law prescribed a minimum lot size of 15,000 square feet for the residential zoning district in which the Toppi property is located. Successive amend-ments to the Harwich by-law have raised the minimum lot size in that district to 30,000 square feet and then to 40,000 square feet.

What the Toppis desire to do is to combine lots 31 and 32 to make a new lot of 8,045 square feet and to combine lots 33 and 34 to make a new lot of 7,646 square feet. Each new lot would, thus, be over the 5,000 square foot "grandfathered" minimum. The question that arises for deci-sion is whether an owner of "adjoining lots," as that phrase is defined in *Sturges* v. *Chilmark*, 380 Mass. 246, 261 (1980), may combine them so as to produce two or more lots that are below current zoning requirements but meet the grandfather minimum. To some degree, the answer in any particular case will depend on the zoning by-law (or ordinance in the case of a city) applicable. In the case of Harwich, the by-law establishes rules that are much the same as those in G. L. c. 40A, § 6, fourth par., as inserted by St. 1975, c. 808, § 3, which provides that "[a]ny increase in area . . . requirements of a zoning . . . by-law shall not apply to a lot for single and two-family residential use which at the time of recording . . . was not held in common ownership with any adjoining land, conformed to then existing requirements and had . . . at least five thousand square feet of area and fifty feet of frontage." See *Adamowicz* v. *Ipswich*, 395 Mass. 757, 762 (1985). A judge of the Superior Court ruled correctly that a land owner may not, in the manner the Toppis have attempted, create two or more lots, each of which is less than the currently prescribed minimum lot size. We affirm the judgment, which determined that the Harwich zoning board of appeals had acted within its authority in declaring unlawful the lots that the Toppis had attempted to create.

*Vassalotti* v. *Board of Appeals of Sudbury*, 348 Mass. 658 (1965), con-struing analogs of G. L. c. 40A, § 6, and the Harwich by-law, held that the combination of three contiguous undersized lots that together fell be-low the then required minimum area had produced one lawful — because grandfathered — undersized lot. Applying the reasoning of *Vassalotti* to the instant case, it is open to the Toppis to combine their four lots and to produce one nonconforming grandfathered lot of 15,691 square feet. Their attempt to create two undersized lots, however, runs contrary to a long line of cases standing for the principle that landowners may not create dimen-

---

[3] That provision of the Harwich by-law, in pertinent part, reads: "Existing lots lawfully laid out by plan or deed which complied at the time of layout with appli-cable provisions of [z]oning [b]y-laws, if any, may be built upon for single family residential purposes provided: (a) [s]aid lots have fifty (50) feet of frontage and five · thousand (5,000) square feet of area. . . ."

SKETCH PLAN

NANTUCKET SOUND

sional nonconformity if the use of adjoining land they own can avoid or *diminish* the nonconformity. See, e.g., *Vetter* v. *Zoning Bd. of Appeal of Attleboro*, 330 Mass. 628, 630 (1953); *Alley* v. *Building Inspector of Danvers*, 354 Mass. 6, 7-8 (1968); *Seltzer* v. *Board of Appeals of Orleans*, 24 Mass. App. Ct. 521, 522 (1987); *Planning Bd. of Norwell* v. *Serena*, 27 Mass. App. Ct. 689, 690 (1989), *S.C.*, 406 Mass. 1008 (1990).

In view of our position as to the main issue in the case, it is not necessary to respond to the other points raised by the plaintiffs, who are abutters of the Toppis.

*Judgment affirmed.*

*William J. Toppi,* of California, for the defendants.
*Michael J. Princi* for the plaintiffs.
*James M. Falla,* Town Counsel, for town of Harwich, submitted a brief.