JACK HEAVEY[1] vs. BOARD OF APPEALS OF CHATHAM; THOMAS ROBINSON & others,[2] interveners.

No. 02-P-993.

Barnstable. February 13, 2003. - June 27, 2003.

Present: LAURENCE, GELINAS, & MILLS, JJ.

Zoning, Lot, Lot size. Practice, Civil, Zoning appeal. Evidence, Hearsay, Business record.

In a zoning appeal, the judge properly determined that a combination of two parcels of land, sufficient for zoning purposes, occurred when the landowner treated the lots as combined when filing an application for a building permit, where the practice of the local building inspector was to require no greater formality; moreover, the judge's finding that a body of water separated marshland owned by the same landowner into two parcels was not erroneous; however, the judge erred in ruling that the two lots, without the smaller marshland lot, was a lot for purposes of G. L. c. 40A, § 6, and therefore eligible for an exemption from local zoning requirements regarding lot size, and the judge prematurely ordered a building permit to issue. [403-405, 406]

The judge in a zoning appeal did not improperly consider facts not in evidence when he reviewed the procedural history of the case in conversation on the record with the attorneys in the case; nor did the judge err in excluding, as hearsay, a memorandum authored by a town's assistant zoning officer, where the memorandum did not qualify as a business record or a public document and was of at most marginal relevance. [406]

CIVIL ACTION commenced in the Superior Court Department on April 22, 1997.

The case was heard by Richard F. Connon, J.

John P. McCormick for the interveners.

Walter H. McLaughlin, Jr., for the plaintiff.

Bruce P. Gilmore, for the defendant, was present but did not argue.

---

[1]Also known as John J. Heavey, Jr.

[2]Joan Robinson, Eugene A. Beliveau, Robert Kolb, and Rita Kolb.

MILLS, J. In this zoning appeal, G. L. c. 40A, § 17, we affirm a Superior Court judge's determination that two parcels of land in Chatham, separated by a body of water from certain marshland, although in common ownership, are not adjoining so as to defeat the small lot exemption in G. L. c. 40A, § 6, fourth par.,[3] from local zoning requirements.

1. *Background.* Plaintiff Jack Heavey owns six lots on Nantucket Drive in Chatham, and a large amount of marshland that is bisected by a body of water. The appended sketch plan shows lots 94, 95, 97, 98, 99, 100, and the marshland, designated as marsh A and marsh B. Heavey lives in a house that straddles lots 99 and 100. He sought a building permit for the combined lots 94 and 95, to which the parties and the judge have referred as "lot 95" (locus). The building inspector initially ruled that the locus did not qualify for the exemption of G. L. c. 40A, § 6, because (a) lots 94 and 95 had not been "officially" combined, and (b) the locus was held in common ownership with the adjoining marshland. The Chatham zoning board of appeals (board) upheld the building inspector's ruling, and Heavey appealed to the Superior Court pursuant to G. L. c. 40A, § 17. Neighbors intervened and are the appellants here.

At the trial, the sole witness was the building inspector, who reversed his earlier ruling and testified to his opinion that the locus qualified for the exemption, explaining that the locus still had a common boundary with the adjoining marshland, but "because there is no practical connection, no practical access, whatever term you would like to use, that the lots [94 and 95] are effectively separated from the marsh lot and are considered separate lots for purposes of zoning." He also testified to his opinion that separate lots in common ownership, shown as

---

[3]General Laws c. 40A, § 6, provides, in part that:

"Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording or endorsement, whichever occurs sooner was not held in common ownership with any adjoining land, conformed to then existing requirements and had less than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage."

combined by an application for a building permit, would sufficiently combine the lots for zoning purposes without the necessity for other formalities. An exhibit plan identified a "lagoon," with a line of mean high water, connecting to "Buck's Creek," which is labeled as tidal.

The judge found that the locus complied with the dimensional minimums of G. L. c. 40A, § 6, fourth par., for a lot held in separate ownership (5,000 square feet of area and fifty feet of frontage), that the marshland is itself two parcels of land bisected by a body of water, and that the marshland (marsh A) that directly abuts the locus does not abut the remaining lots owned by Heavey. The judge ruled that the locus is not contiguous with Heavey's remaining properties (lots 97, 98, 99, and 100) because they are in fact separated by the body of water.[4]

To the extent that the judge ruled, for purposes of G. L. c. 40A, § 6, that the two areas of marshland are not adjoining because of their separation by a water body, he is correct. To the extent that he ruled that the locus, without the small triangular lot, marsh A, is a separate lot, he is incorrect — marsh A is adjoining and must be combined with the locus for zoning purposes in these circumstances. On this record, the combination of lots 94, 95, and marsh A constitute a lot, for zoning purposes, which is benefitted by the exemption. G. L. c. 40A, § 6. To the extent that the judge ordered a building permit to issue, he acted prematurely. Compliance with zoning regulations is one requirement for a building permit, but issuance of a permit also requires compliance with other regulations, such as the State building code. See *Cumberland Farms, Inc.* v. *Planning Bd. of Bourne*, 56 Mass. App. Ct. 605, 608 n.7 (2002).

2. *Analysis*.[5] In this case the facts found by the judge necessary to decide the issues are supported by the evidence, despite

---

[4]While not articulated, the judge necessarily included Heavey's ownership of the marshland in his decision, as he found that the water body between marsh A and marsh B separated the marshland into two parcels, and separated the other numbered lots (97 through 100) from both marsh B and the locus.

[5]The interveners complain that the judge applied an incorrect standard of review and deviated from a requirement that he be bound by facts as found by the board, principally that the locus is contiguous to Heavey's other "properties," and that lots 94 and 95 were not formally combined for zoning purposes

the brevity of the trial. See *Buster* v. *George W. Moore, Inc.,* 438 Mass. 635, 642-643 (2003). There were two legal issues, and they were correctly decided.

a. The building inspector initially ruled that the combination of adjoining lots, for zoning purposes, requires some formal action by way of recorded instrument in the registry of deeds. The interveners argued this at the trial, and on appeal. It is acknowledged that there had been no such activity with respect to the locus and, for that matter, with respect to marsh A. The judge impliedly ruled that a combination, sufficient for zoning purposes, occurred when Heavey filed an application for a building permit, treating the lots as combined, because this is the practice of the local building inspector, who requires no greater formality.

It is a "general principle that adjacent lots in common ownership will normally be treated as a single lot for zoning purposes so as to minimize nonconformities with the dimensional requirements of the zoning by-law or ordinance." *Seltzer* v. *Board of Appeals of Orleans,* 24 Mass. App. Ct. 521, 522 (1987), and cases cited therein. Several decisions point out that a landowner has an obligation to avoid or minimize the creation of a noncomformity. See, e.g., *Planning Bd. of Norwell* v. *Serena,* 27 Mass. App. Ct. 689, 691 (1989), *S.C.,* 406 Mass. 1008 (1990); Bobrowski, Massachusetts Land Use & Planning Law § 5.03[A] (2d ed. 2002).

The court in *Vassalotti* v. *Board of Appeals of Sudbury,* 348 Mass. 658, 661 (1965), construing analogs of G. L. c. 40A, § 6, and the Sudbury zoning by-law (which substantially tracked the State statute), held that a combination of three contiguous, undersized lots that together fell below the then required minimum area had produced a lawful — because grandfathered

by some official recording in the registry of deeds. Their argument is mistaken. The scope of review in the appeal of an administrative decision by the board of appeals pursuant to G. L. c. 40A, § 15, is "essentially as broad [in the enforcement action] as the de novo judicial review under G. L. c. 40A, § 17." *Cameron* v. *Board of Appeals of Yarmouth,* 23 Mass. App. Ct. 144, 149 (1986). And, in the § 17 appeal, the court, hearing the matter de novo, enters findings of fact on the evidence presented and determines the validity of the board's decision on the facts thus found. See *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 558 (1954).

— undersized lot. See *Burke* v. *Zoning Bd. of Appeals of Harwich*, 38 Mass. App. Ct. 957, 958-960 (1995). Applying the reasoning of *Vasalotti* to the instant case, lots 94 and 95 and marsh lot A must be combined to produce a larger, less nonconforming lot, regardless of when Heavey obtained marsh lot A. See generally *Preston* v. *Board of Appeals of Hull*, 51 Mass. App. Ct. 236 (2001).

b. The building inspector's testimony was ambiguous as to the two marsh lots which are identified as marsh A and marsh B on the appended plan. He seemed to be of the opinion that the waterway made access between them impractical, defeating the notion they are adjoining, notwithstanding a common boundary. The judge did not accept the witness's opinion as to common boundary, and found that the water body separated the marshland into two parcels. This finding is not clearly erroneous.[6]

One exhibit plan labels the water body as a "lagoon." Both that exhibit plan and another indicate a direct connection from the lagoon to Buck's Creek, and the first plan labels the creek as tidal. The second plan indicates the juxtaposition of Nantucket Sound (although no direct connection from Buck's Creek to the Sound is shown). The first plan indicates a mean high water line on the northern edge of the lagoon, and the second plan indicates such a line for Buck's Creek and Nantucket Sound. While we find no cases defining lagoon, the dictionary definition ("shallow sound, channel, pond, or lake near or communicating with the sea," Webster's Third New International Dictionary 1264 [1993]) supports the judge's description of the lagoon as a water body, and his finding that the water body separates the two parcels of marsh.

---

[6] "[W]e shall not 'review questions of fact found by the trial judge, where such findings are supported "on any reasonable view of the evidence, including all rational inferences of which it was susceptible." ' " *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 452 (1997), quoting from *First Pa. Mort. Trust* v. *Dorchester Sav. Bank*, 395 Mass. 614, 624 (1985). "The inquiry is not whether we would have reached the same result as the judge but rather whether, on the entire evidence, we are 'left with the definite and firm conviction that a mistake has been committed.' " *Commonwealth* v. *Source One Assocs., Inc.*, 436 Mass. 118, 124 (2002), quoting from *Starr* v. *Fordham*, 420 Mass. 178, 186 (1995). "The burden of proof rests on the appellant to show . . . an error." *Buster* v. *George W. Moore, Inc.*, 438 Mass. at 643, quoting from *Commonwealth* v. *Source One Assocs., Inc.*, 436 Mass. at 124.

3. *Other evidentiary issues.* The interveners complain that after the case was called for trial, the judge reviewed the procedural history of the case in conversation on the record with the attorneys. The interveners argue that the judge thus improperly considered facts not in evidence, including the fact that the controversy as between the town and Heavey had apparently been settled. The interveners cite no relevant authority to support their argument, and we have found none. There was no error.

Error is also claimed in the judge's exclusion of an offered document, a one-page memorandum authored by a Chatham assistant zoning officer, addressed to the Chatham Conservation Commission, which offered a comment on the locus, and the opinion that it did not have "the required 20,000 square feet of buildable upland." The interveners argue that the document was admissible, as matter of law, because of G. L. c. 233, § 78, which defines a hearsay exception for ordinary business records. The document is not a business record, nor does it fit the description of public record. Moreover, it is of marginal relevance, if it is relevant at all, and it was clearly within the judge's discretion to exclude it. There was no error. See *DeJesus* v. *Yogel*, 404 Mass. 44, 47-49 (1989).

Lots 94 and 95 and marsh A, contiguous parcels of land in common ownership, constitute a lot of land entitled to the small lot exemption of G. L. c. 40A, § 6, fourth par., and constitute a buildable lot, for zoning purposes. The judgment shall be modified to delete the portion thereof ordering a building permit to issue and, as so modified, is affirmed.[7]

*So ordered.*

---

[7]The interveners also briefed arguments and authorities with respect to variance requests that were part of Heavey's original zoning appeal. However, the request for zoning relief was withdrawn by Heavey and is no longer a part of this case.