The defendants, Terrance and Valerie Murphy (the Murphys), appeal from an amended judgment of the Land Court which annulled a variance that had been issued to them by the Zoning Board of Appeals of Chelmsford (board). They claim that the judge erred by finding, without evidentiary support, that the plaintiffs have standing and that the two lots at issue merged for zoning purposes. We affirm.
Background. On August 30, 2012, the board granted the Murphys a variance from the town of Chelmsford's zoning bylaw's setback requirement in connection with the proposed construction of a home on a vacant lot at 181 Proctor Road, which is adjacent to a house at 183 Proctor Road, also owned by the Murphys. The plaintiffs, M. Therese Burdo and Robert T. Miragliuolo, filed an action in the Land Court challenging the issuance of the variance. The Murphys filed a motion to dismiss for lack of standing that was denied. Thereafter all parties agreed that a remand to the board was necessary. A Land Court judge issued a remand order with specific instructions. Following the remand, the board[4] reissued the variance and found that (1) no relief from the rear yard setback was required, (2) the vacant lot was exempt from the contiguous upland requirements, and (3) the lots had not merged. The plaintiffs filed a complaint after remand in the Land Court challenging the board's decision.
After the trial following the remand, the judge found that the plaintiffs were aggrieved by the variance, as a result they had standing, and the two lots had merged for zoning purposes. Nonetheless, the judge affirmed the board's issuance of the variance; however, he again remanded the case to the board to consider whether to grant a variance from the contiguous upland requirement for both lots. The plaintiffs filed a motion for reconsideration arguing that, based on the judge's conclusion that the two lots had merged, a variance could not issue to allow construction of a second home. The judge allowed the motion, and issued an amended judgment annulling the variance. This appeal followed.
1. Standing. Standing is a question of fact for the trial judge, which we will only reverse if the finding is clearly erroneous. Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 119 (2011). Here, the judge found that the plaintiffs had standing based on plausible claims of injury to three interests: privacy, stability of the property, and reducing risk of fire. "[I]t is the trial judge who, by virtue of his firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence." Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 575 (2016), quoting New England Canteen Serv. v. Ashley, 372 Mass. 671, 675 (1977).
a. Privacy and density. A town regulates density, in part, by dictating the distance a building must be set back from the lot line. 81 Spooner Rd., LLC v. Brookline, 452 Mass. 109, 110 (2008). The loss of privacy resulting from the reduction of a side-yard setback requirement is an injury to a private interest protected by zoning bylaws. See Dwyer v. Gallo, 73 Mass. App. Ct. 292, 297-298 (2008). Here, the judge found that the plaintiffs would suffer a loss of privacy as a result of reduction of the side-yard setback, as evidenced by photographs, maps, and numerous plot, subdivision, and wetlands plans.[5] In addition, the judge took a view of the site. There was ample record evidence to support the judge's findings. Contrary to the Murphys' claim, expert testimony is not required on the question of the loss of privacy. Compare Jepson v. Zoning Bd. of Appeals of Ipswich, 450 Mass. 81, 91 n.13 (2007).
b. Stability of property. The judge found that the project required the construction of a six-foot retaining wall located within two feet of the common property line. He further found that construction of the wall would require an excavation of fifteen to twenty feet from the face of the wall, constituting a trespass on the plaintiffs' property. Damage to real property is a cognizable zoning interest. Paulding v. Bruins, 18 Mass. App. Ct. 707, 709 (1984). Moreover, the construction would materially alter the plaintiffs' property because eight to ten mature trees would be removed which, in conjunction with the excavation, raised questions about the stability of the plaintiffs' property. See Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 481 (2012), quoting M. Bobrowski, Massachusetts Land Use and Planning Law § 12.07 [C] (3d ed. 2011) (setback regulations serve multiple purposes, such as "to secure safety from fire ... and other dangers" and "to prevent overcrowding of land"). The judge's findings are more than supported by the record.
c. Fire risk. Preventing the risk of the spread of fire is an interest protected by zoning. See St. 1975, c. 808, § 2A. Here, the judge found that the variance would require the removal of trees and that the excavation would affect the root system of many others. The judge credited the testimony of the plaintiffs' expert that dead and dying trees located ten feet from the proposed home would increase the risk of fire spreading. In addition, the judge found that the Murphys' proposed driveway lacked sufficient width for fire trucks. Not only was the judge in the best position to assess the evidence, but he also had the additional advantage of having viewed the site firsthand. We see no reason to disturb his findings.
2. Merger. The Murphys claim that their lots are not adjoining because they are "substantially separated by wetlands, including a stream" and because the lots have always maintained separate identities. The judge found that there is no barrier that prevents these adjacent lots from being adjoining. Cf. Heavey v. Board of Appeals of Chatham, 58 Mass. App. Ct. 401, 405 (2003) (two parcels bisected by a body of water were not adjoining for merger purposes). Indeed, the judge found that combining the two lots would bring them into greater compliance with the contiguous upland requirement. Additionally, the fact that the lots were purchased separately and have since been assessed separately by the town does not preclude merger based on the principle of maintaining separate identities. To the contrary, "when adjacent nonconforming lots come into common ownership, they are normally merged and treated as a single lot for zoning purposes," Hoffman v. Board of Zoning Appeal of Cambridge, 74 Mass. App. Ct. 804, 811 (2009), so as to "minimize nonconformities with the dimensional requirements of the zoning by-law or ordinance." Seltzer v. Board of Appeals of Orleans, 24 Mass. App. Ct. 521, 522 (1987). While assessment history can be useful information in determining a plot's status for zoning purposes, it "[a]t best ... serve[s] only as 'some indication of the status of the property' " (citation omitted). Heald v. Zoning Bd. of Appeals of Greenfield, 7 Mass. App. Ct. 286, 291 (1979).
In addition, the lots merged as a matter of law. The Murphys own the vacant lot and the house lot by one deed. The existing house on one of the lots is zoned "RB" (single residence). In this zone, the property must contain at least 40,000 square feet of lot area. The bylaw provides that "[a]t least eighty [percent] of the lot area ... shall be contiguous land other than ... wetland." See bylaw § 195-108. As a result, buildable lots must have at least 32,000 contiguous square feet of uplands. By stipulation, the parties agreed that neither lot has the requisite 32,000 contiguous square feet of uplands. There was no error.
3. The variance. Because the two lots merged, the judge correctly found that the board exceeded its authority in granting the variance. Once the lots merged, they could not be separated. Asack v. Board of Appeals of Westwood, 47 Mass. App. Ct. 733, 736 (1999). When a landowner has already built one house on her land, there can be no hardship under G. L. c. 40A, § 10, based on the owner's desire to build a second structure. See Bruzzese v. Board of Appeals of Hingham, 343 Mass. 421, 423-424 (1962).
Amended judgment affirmed.

The board did not participate in the trial after remand or this appeal.

The bylaws require a twenty-five foot setback. The proposed construction would result in a ten-foot setback.